United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Patricia Sundermann,
                Debtor.
_____/

Case No. 11-41640-R
Chapter 7

Patricia Sundermann,
                Plaintiff,

v.

Adv. No. 12-4895

Robert Ladd as Trustee of the Wellington
Hayes and Elizabeth Hayes Trust Agreement
dated April 28, 1994 as amended,

                Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

On January 23, 2011, Patricia Sundermann filed for chapter 13 relief. Sundermann listed a debt in the amount of $396,000 to the Wellington Hayes and Elizabeth Hayes Trust Agreement. The debt was the result of a 2008 judgment against Sundermann for money improperly received from the Trust. On October 1, 2009, the Trust obtained a lien in St. Clair County Probate Court on Sundermann's property located in Ortonville, Michigan. On May 26, 2010, the Trust obtained liens on vacant land Sundermann owned in Capac, Michigan and on Sundermann's stock in Capac Bancorp., Inc.

On August 31, 2010, the Trust filed a petition against Sundermann in probate court to recover damages for the profits that she made from the sale of DTE stock. The court conducted an

evidentiary hearing on September 22, 2010, and took certain matters under advisement. Before the court rendered its decision, Sundermann filed her bankruptcy petition on January 23, 2011.

On March 2, 2011, the Trust filed a motion to lift the automatic stay so that it could enforce its liens. It also sought relief from the stay with respect to DTE stock in Sundermann's possession, which it claimed was owned by the Trust.

On March 30, 2011, the Court granted the Trust's motion to lift the stay. The Court also converted the case to chapter 7.

The Ortonville property was sold for approximately $180,000. Pursuant to an agreement between the Trust and the bankruptcy trustee, $60,000 from the sale proceeds was to be paid to the estate and the remainder paid to the Trust. Additionally, the Trust's remaining liens on the estate property were avoided.

The bankruptcy discharge was entered on August 12, 2011.

Thereafter, on October 20, 2011, the probate court issued its findings of fact and conclusions of law. The court found that four payments made from the Trust to Sundermann's divorce attorney, totaling $43,076, were for Sundermann's benefit and should be charged as distributions to her. The court also found that Sundermann improperly benefitted from the sale of the DTE stock and therefore was required to return the profit of $26,620 to the Trust. The court instructed counsel for the Trust to submit an order.

On November 30, 2011, the probate court issued a deficiency notice due to the Trust's failure to submit an order consistent with the court's findings of fact and conclusions of law. In response, on December 8, 2011, the Trust filed a proposed order under the 7-day rule. The order was entered on January 3, 2012. The order states, in pertinent part:

> IT IS ORDERED that Patricia Sundermann shall pay to the Trust $69,696 for reimbursement to the Trust for $26,620 profit she wrongfully realized from the sale of the Trust's DTE stock and for reimbursement to the Trust of $43,076 for the Trust money she wrongfully used to pay to Barney Whitesman.

(See Def's Ex. F at 2)

On May 11, 2012, Sundermann filed this adversary proceeding against the probate trustee, Robert Ladd, alleging a violation of the discharge injunction. Sundermann contends that Ladd forced her to leave her appliances at the Ortonville property when it was sold, even though the appliances were specifically excluded in the sale. Sundermann also contends that the entry of the order by the probate court on January 3, 2012, violated the discharge injunction because it orders her to pay $69,696 on a discharged debt.

Ladd argues that Sundermann was never instructed to leave the appliances at the property. He provided the affidavit of Attorney Mark Sokoloff, who stated that he asked Sundermann if she was going to take the appliances and she responded that she was not going to remove any appliances.

Ladd further contends that the probate court order was simply an administrative entry relating to the probate court's decision on October 20, 2011, determining where the Trust assets went.

Both parties now move for summary judgment.

II.

A discharge entered in a chapter 7 case "discharges the debtor from all debts that arose before the date of the order for relief under this chapter. . . ." 11 U.S.C. § 727(b). Section 524 of the Bankruptcy Code provides that a discharge operates as an injunction against any action to collect

3

a debt as a personal liability of the debtor. Specifically, subsections (a)(1) and (a)(2) state, in pertinent part:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727. . . of this title, whether or not discharge of such debt is waived; [and]
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(1) & (2). The purpose of the discharge injunction in § 524 is to effectuate the post-discharge "fresh start" intended by Congress in enacting the Bankruptcy Code.

The claims of the Trust against Sundermann were discharged in her bankruptcy. Therefore, Ladd's failure to halt the probate court proceedings and his actions in obtaining the entry of the January 3, 2012, order violate the discharge injunction. The order is void.

Section 524 does not set forth a remedy for violations of the discharge injunction. However, because "[s]ection 524(a)(2) not only prohibits but also enjoins [law]suits, as well as other collection actions, . . . the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge. *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001). *Cox* followed the Sixth Circuit's holding in *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000), recognizing that no private right of action exists for violations of § 524(a), but that "the traditional remedy for violation of an injunction lies in contempt proceedings[.]"

Accordingly, the Court must dismiss the complaint without prejudice to Sundermann's right

4

to pursue a contempt remedy.[1]

Not for publication.

**Signed on March 26, 2013**

                                                                      /s/ Steven Rhodes
                                                             **Steven Rhodes**
                                                             **United States Bankruptcy Judge**

---

[1] Sundermann also alleged in the complaint that the Trust improperly took possession of her appliances, which were not part of the property sale. The sale of the property was handled through the probate court and it is for that court to determine what was or was not included in the Trust's lien. The Court therefore will not address that issue.